Tyler M. Paetkau, State Bar No. 146305
Olga Savage, State Bar No. 252009
Jay Withee, State Bar No. 275012
HARTNETT, SMITH & PAETKAU
777 Marshall Street
Redwood City, CA 94063
Tel:    (650) 568-2820
Fax:    (650) 568-2823
Email: tpaetkau@hslawoffice.com

David M. Glanstein (Admission *Pro Hac Vice* pending)
Glanstein LLP
437 Madison Avenue – 35th Floor
New York, NY 10022
Tel:    (212) 370-5100
Fax:    (212) 697-6299
Email: david@glansteinllp.com

Attorneys for Plaintiff
AMERICAN MARITIME OFFICERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| AMERICAN MARITIME OFFICERS, affiliated with Seafarers International Union of North America, AFL-CIO,<br><br>Plaintiff,<br>vs.<br><br>AMERICAN PRESIDENT LINES, LTD.; APL MARITIME, LTD.,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF 29 U.S.C. § 185 AND INJUNCTIVE RELIEF** |

Plaintiff American Maritime Officers, affiliated with the Seafarers International Union of North America, AFL-CIO, by its attorneys, Hartnett, Smith & Paetkau and Glanstein LLP, as and for its Complaint against Defendant American President Lines, Ltd.., respectfully alleges as follows:

## THE PARTIES

1. Plaintiff American Maritime Officers ("AMO" or "Plaintiff") is a national labor organization under 29 U.S.C. § 185 (a), with its headquarters at 601 S. Federal Highway, Dania Beach, Florida 33004. Its members are employed throughout the inland and coastal waters of the United States and overseas as U.S. Coast Guard licensed merchant marine officers.

2. Defendant American President Lines, Ltd. ("APL") is a worldwide container shipping corporation headquartered in the United States, which recently agreed to be acquired by CMA CGM, a French ocean carrier company. APL operates oceangoing vessels under both foreign and U.S. flags through subsidiaries that include Defendant APL Maritime, Ltd. and APL Marine Services, Ltd.

3. Defendant APL is the operator, through its subsidiary, Defendant APL Maritime, and its agent, Osprey Ship Management, of the recently U.S. flagged Motor Vessel APL Guam ("M/V APL Guam"), on which AMO members have been employed in all U.S. Coast Guard licensed officer and engineer positions in cargo service to the U.S. territory of Guam since November 2015, when the Guam was reflagged from a foreign flag to the U.S. flag of jurisdiction. APL employs these AMO members under 29 U.S.C. § 185 pursuant to the terms of a Collective Bargaining Agreement (the "CBA"), as amended, and Memorandum of Understanding (the "MOU") with a current three (3) year term, which does not expire until October 2018 (collectively, the "AMO-APL CBA").

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(c).

5. Venue is proper in this district pursuant to 29 U.S.C. § 185(a) since both AMO and APL maintain offices in this district. APL's offices are located at 1395 Middle Harbor Road, Oakland, California 94612, and AMO's offices are located at 1121 7th Street, Oakland, California 94607.

///

///

## FACTS

6. AMO and APL are parties to a MOU dated November 2, 2015, which sets forth the economic terms and conditions of employment for AMO members working aboard the M/V APL Guam, in accordance with the AMO-APL CBA, in which APL expressly recognized AMO as the "sole and exclusive bargaining representative for all Licensed Officers employed aboard Company owned and/or operated U.S. flag ocean-going vessels." This broad recognition language includes any deck officers, engineers, and radio officers, and all senior shipboard positions, which the Parties have acknowledged are supervisors as defined under the National Labor Relations Act, 29 U.S.C. § 152 (11).

7. The AMO-APL CBA (including the MOU) requires mandatory arbitration before a designated contract Arbitrator of any and all complaints, controversies, disputes and grievances arising out of the application and performance by the Parties of their terms. Importantly, the MOU and AMO-APL CBA also require preservation of all AMO jobs in the event of any sale or transfers of the M/V APL Guam or other covered vessels.

8. On or about November 3, 2015, APL announced that the M/V APL Guam, previously a foreign flagged vessel with no U.S. licensed officers in any onboard positions, would take the place of another, much larger vessel operated by APL under the U.S. flag in the U.S. Maritime Administration's Maritime Security Program ("MSP"). The MSP offers a subsidy to vessel operators for operating U.S. flagged vessels that could be available to the U.S. in times of armed conflict or other national emergency.

9. At that same time, on or about November 3, 2015, Eric Mensing, President of APL, also announced that the M/V APL Guam would begin service to the island of Guam, and that AMO would fill all licensed officers and engineer positions on the vessel now that it was being operated under the U.S. flag for the first time.

10. As a result of APL placing the newly U.S. flagged M/V APL Guam into the MSP subsidy program, APL removed a different vessel from the program and reflagged it as a foreign flag vessel that did not require crewing with U.S. Coast Guard licensed deck officers and engineers.

11. The vessel removed from the MSP program and reflagged, the M/V APL Cyprine, had been up to that point working elsewhere than the Island of Guam and was crewed in licensed deck officer positions by members of the International Organization of Masters, Mates, and Pilots, affiliated with the International Longshoremen's Association, AFL-CIO ("MMP"), and in all licensed engineer positions by the Marine Engineers' Beneficial Association, AFL-CIO ("MEBA").

12. Shortly after APL's November 2015 announcement, both MMP and MEBA commenced grievances against APL and its subsidiary, APL Marine Services, which had operated the Cyprine on a different route than to Guam. These grievances claimed that, based on language in their Collective Bargaining Agreements giving them crewing rights to APL Marine Services vessels in the MSP program, the M/V APL Guam had to be crewed in all licensed deck officer and engineer positions by their members, and that they had to be recognized as the respective bargaining representatives for those positions on the M/V APL Guam, notwithstanding the existence of the AMO-APL CBA covering the same positions on the vessel.

13. MEBA and MMP's grievances were consolidated with similar grievances brought by unlicensed crewmember unions previously aboard the M/V APL Cyprine for arbitration in Washington D.C. on December 10-11, 2015. The sole issue for the arbitrator was "whether the Company violated the Unions' collective bargaining agreements when it refused to crew the APL Guam with employees represented by the Unions, and if so what shall be the remedy?" (Emphasis added.)

14. AMO did not receive notice of the scheduled arbitration from APL or the concurrent opportunity to protect its right to arbitrate its own contractual recognition for licensed deck officers and engineers aboard the M/V APL Guam, as required by the AMO-APL CBA.

15. As affiliated unions of the AFL-CIO, AMO, MEBA and MMP are all bound under the AFL-CIO Constitution to resolve any disputes concerning their respective representation rights and work jurisdictions in accordance with Article XX of the AFL-CIO

Constitution. Article XX, Section 20 of the AFL-CIO Constitution also forbids AFL-CIO affiliated unions from seeking determinations of their representation rights in relation to another affiliated union "in court or other legal proceedings." This is the case whether the affiliated unions are in good standing at the AFL-CIO, which neither MEBA nor MMP were at the time AMO crewed the M/V APL Guam.

16. On February 9, 2016, the arbitrator in the APL-MEBA-MMP dispute issued a ruling finding in favor of MEBA and MMP and the unlicensed crew unions and gave the parties' thirty (30) days to fashion a remedy (the "APL-MEBA-MMP arbitration ruling").

17. On February 10, 2016, APL Maritime Director of Labor Relations John Dragone notified AMO member Captain Christopher Bartlett, the Master of the M/V APL Guam, of the APL-MEBA-MMP arbitration ruling and that APL now intended to replace all AMO-represented licensed deck officers and engineers on the M/V APL Guam with MMP and MEBA represented officers and engineers forthwith. AMO's officials were simultaneously notified of APL's decision and imminent transfer of the M/V APL Guam to the jurisdiction of MMP and MEBA.

18. On February 11-12, 2016, the Presidents of MEBA and MMP also made separate public statements that they expected their members to replace the AMO licensed deck officers and engineers on the M/V APL Guam forthwith, and that their unions would shortly be recognized as sole bargaining representatives for licensed deck officers and engineers on the M/V APL Guam, instead of AMO. They did so based on APL's representations and notwithstanding AMO's existing contract rights under the AMO-APL CBA or the requirements of the AFL-CIO Constitution.

19. AMO immediately requested that APL reconsider withdrawing recognition from AMO and instead maintain the *status quo*, since failure to do so would violate AMO's contractual rights as the sole and exclusive bargaining representative for the supervisory licensed deck officers and engineers on the M/V APL Guam. AMO also communicated to APL that it intended to also state its position to the other unions and the AFL-CIO regarding its

Article XX rights on the M/V APL Guam, which it must do through its affiliate Seafarers International Union of North America.

20. To date, APL has rejected AMO's request and instead notified Captain Christopher Bartlett aboard the M/V APL Guam that it intends to place, so that they can familiarize themselves with the operations of the M/V APL Guam, an MMP represented Captain, an MMP represented Chief Mate, a MEBA represented Chief Engineer, and a MEBA represented First Assistant Engineer aboard the M/V APL Guam on or around February 23, 2016 for a trip to Busan, South Korea, where all AMO licensed deck officers and engineers will be removed and replaced on or around February 28-29, 2016. AMO is informed and believes, and thereon alleges, that APL intends to permanently replace the AMO licensed deck and engineer officers with MMP and MEBA members no later than 10:00 a.m. Guam time on February 29, 2016.

21. APL's refusal to maintain the *status quo* and its declared intent to withdraw recognition from AMO barely ten (10) days after receipt of the APL-MEBA-MMP arbitration ruling constitutes a violation of its agreement to continue to recognize AMO. This violation will irreparably harm AMO's members, since AMO's recognition rights cannot be preserved on the M/V APL Guam once MEBA and MMP crew the vessel.

22. APL also has refused to provide AMO with information from its pending acquisition by CMA CGM, a foreign corporation, about whether AMO's contracts with APL, including without limitation the AMO-APL CBA, are being assumed by the buyer as a successor employer, as is required under the sale and transfer provisions in the AMO-APL CBA and by federal labor law. As such, a failure to maintain the *status quo* by APL may render AMO's rights to pursue arbitration remedies against APL concerning the above violations of its agreements with APL futile once APL's acquisition by CMA CGM is completed.

23. As a direct, proximate result of APL's stated intent to (1) place MEBA/MMP-represented deck officers and engineers alongside AMO-member licensed deck officers and engineers on the M/V APL Guam as early as February 22, 2016, (2) withdraw recognition of AMO as the exclusive bargaining representative for the current-employed AMO licensed deck

officers and engineers on board the M/V APL Guam, and (3) to permanently remove all AMO licensed deck officers and engineers from the M/V APL Guam on or about February 29, 2016, AMO and its affected members, the licensed deck officers and engineers now working aboard the M/V APL Guam, will suffer irreparable harm.  Specifically, an arbitration was held by APL with the MEBA/MMP unions that implicated AMO's contractual rights under the AMO-APL CBA, AMO was not given any opportunity to participate or object, AMO now wants to protect its representation rights and the rights of its members either in arbitration against APL or at the AFL-CIO against the MEBA/MMP unions, and failure to preserve the *status quo* will render AMO's claims in those forums futile because (1) APL is in the process of being sold; and (2) the MEBA/MMP unions were under sanctions at AFL-CIO when AMO crewed the ship, so that any action there would be futile since once under sanctions a second set of sanctions against an offending union is meaningless.  In addition, AMO is likely to succeed on the merits of its claims against APL; AMO is likely to suffer irreparable harm in the absence of immediate, preliminary injunctive relief; the balance of the equities tips in favor of AMO on its request for immediate, preliminary injunctive relief; and an injunction is in the public interest.  *See Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008).

<u>CLAIMS FOR RELIEF</u>

FIRST CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS

(Violation of 29 U.S.C. § 185 – Withdrawal of Recognition of Incumbent Union in Violation of Valid Collective Bargaining Agreement)

24.     Plaintiff re-alleges and incorporates herein by reference the allegations of Paragraphs 1 through 23, inclusive, above, as though fully set forth herein.

25.     By reason of the allegations contained in Paragraphs 22-23 above, AMO is entitled to an order and judgment directing APL's representatives to cease and desist from the above actions, which violate AMO's rights as the exclusive bargaining representative for licensed deck officers and engineers aboard the M/V APL Guam, including placing any MMP or MEBA represented officers or engineers aboard the M/V APL Guam, until AMO has the opportunity to pursue its contractual and AFL-CIO Constitutional rights protecting its

1  jurisdiction as the exclusive bargaining representative for licensed deck officers and engineers
2  aboard the M/V APL Guam.

3     26.   By reason of the allegations contained in Paragraphs 22-23 above, AMO is entitled to an order and judgment directing APL's representatives to put all other business aside and respond to AMO's requests for information concerning whether CMA CGM is being bound as a successor to APL's contracts with AMO for this vessel following any sale, transfer, or assignment of the vessel, which appears imminent.

4     27.   APL's failure and refusal to continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers and engineers aboard the M/V APL Guam, pursuant to the AMO-APL CBA, APL has a legal and contractual duty to continue to recognize and bargain with AMO, and not to withdraw recognition from AMO. By failing and refusing to continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers and engineers aboard the M/V APL Guam, and by threatening to remove them from employment aboard the M/V APL Guam and to replace them with MEBA/MMP members, Defendants, and each of them, have violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

5     28.   By reason of Defendants' violation of 29 U.S.C. § 185, Plaintiff is entitled to certain relief, including enforcement of APL's obligation to continue to recognize AMO and its member licensed deck officers and engineers aboard the M/V APL Guam, and not to replace them with MEBA/MMP members, as set forth below.

SECOND CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS

(Declaratory Relief – 28 U.S.C. § 2201(a))

29.   Plaintiff re-alleges and incorporates herein by reference the allegations of Paragraphs 1 through 28, inclusive, above, as though fully set forth herein.

30.   A real and actual controversy of sufficient immediacy and reality to warrant immediate declaratory relief exists between the Parties as to the enforceability of the AMO-APL CBA; APL's decision to remove the currently-employed licensed deck officers and engineers aboard the M/V APL Guam who are members in good standing of AMO, and to replace them

with MEBA/MMP members; and APL's failure and refusal to continue to recognize AMO as the exclusive bargaining representative for its, pursuant to the AMO-APL CBA.

31. Specifically, AMO contends that APL has a legal and contractual duty to continue to recognize and bargain with AMO, and not to withdraw recognition from AMO. By failing and refusing to continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers and engineers aboard the M/V APL Guam, and by threatening to remove them from employment aboard the M/V APL Guam and to replace them with MEBA/MMP members, Defendants, and each of them, have violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. AMO is informed and believes, and thereon alleges, that Defendants contend that they are not required to continue to recognize AMO's contractual rights and the AMO-APL CBA based on the recent arbitration decision; Defendants intend to remove AMO-member licensed deck officers and engineers aboard the M/V APL Guam, and to replace them with MEBA/MMP members on or about February 29, 2016; and that Defendants intend not to honor their legal and contractual obligations to AMO and its members.

32. The controversy between Plaintiff and Defendants is thus real and substantial. Plaintiff AMO demands specific relief through a decree of a conclusive character that APL has a legal and contractual duty to continue to recognize and bargain with AMO; not to withdraw recognition from AMO and instead continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers and engineers aboard the M/V APL Guam; not to remove them from employment aboard the M/V APL Guam and not to replace them with MEBA/MMP members; and Defendants, and each of them, have violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The nature and extent of the adverse legal interests between Plaintiff AMO and Defendants are apparent, and the controversy is definite and concrete.

33. Plaintiff AMO is entitled to a declaratory judgment that APL has a legal and contractual duty to continue to recognize and bargain with AMO; not to withdraw recognition from AMO and instead continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers and engineers aboard the M/V APL Guam; not

to remove them from employment aboard the M/V APL Guam and not to replace them with MEBA/MMP members; and Defendants, and each of them, have violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiff respectfully requests judgment and relief as follows:

a.  For a declaratory judgment that Defendants:

(i)   Have a legal and contractual duty to continue to recognize and bargain with AMO;

(ii)  Shall not withdraw recognition from AMO and instead must continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers and engineers aboard the M/V APL Guam;

(iii) Shall not remove the AMO member licensed deck officers and engineers from employment aboard the M/V APL Guam, and shall not replace them with MEBA/MMP members; and

(iv)  Defendants, and each of them, have violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

b.  For a preliminary and a permanent injunction requiring Defendants to continue to recognize and bargain with AMO; not to withdraw recognition from AMO and instead continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers and engineers aboard the M/V APL Guam; not to remove them from employment aboard the M/V APL Guam, and not to replace them with MEBA/MMP members; directing APL to put all other business aside and refrain from placing MEBA and MMP represented officers and engineers aboard the M/V APL Guam, or from withdrawing recognition from AMO as the sole and exclusive representative of those officers on the M/V APL Guam in violation of the current contracts between APL and AMO, including without limitation the AMO-APL CBA; and directing APL to put all other business aside and produce forthwith the documents requested by AMO in connection with APL's pending acquisition by

CMA CGM pertaining to assumption of AMO's current contracts with APL, in compliance with the sale and transfer obligations therein, as a sale appears imminent;

     c.    For costs of suit;

     d.    For reasonable attorney's fees under Section 7(e) of the Norris LaGuardia Act, 29 U.S.C. § 107; and

     e.    For such other and further relief as the Court deems just and proper.

Dated:  February 20, 2016

HARTNETT, SMITH & PAETKAU
GLANSTEIN LLP

By _____
    Tyler M. Paetkau
    Attorneys for Plaintiff
    AMERICAN MARITIME OFFICERS

CASE NO.
COMPLAINT FOR DECL. RELIEF, VIOLATION OF 29 U.S.C. § 185 & INJUNCTIVE RELIEF