Tyler M. Paetkau, State Bar No. 146305
Olga Savage, State Bar No. 252009
Jay Withee, State Bar No. 275012
HARTNETT, SMITH & PAETKAU
777 Marshall Street
Redwood City, CA 94063
Tel: (650) 568-2820
Fax: (650) 568-2823
Email: tpaetkau@hslawoffice.com

David M. Glanstein (Admission *Pro Hac Vice* pending)
Glanstein LLP
437 Madison Avenue – 35th Floor
New York, NY 10022
Tel: (212) 370-5100
Fax: (212) 697-6299
Email: david@glansteinllp.com

Attorneys for Plaintiff
AMERICAN MARITIME OFFICERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

AMERICAN MARITIME OFFICERS, affiliated with Seafarers International Union of North America, AFL-CIO,

Plaintiff,

vs.

AMERICAN PRESIDENT LINES, LTD.; APL MARITIME, LTD., INTERNATIONAL ORGANIZATION OF MASTERS, MATES, AND PILOTS, ILA, AFL-CIO,

Defendants.

**Case No.: 3:16-CV-00861-EMC**

**CORRECTED FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, VIOLATION OF 29 U.S.C. § 185 AND INJUNCTIVE RELIEF**

Plaintiff American Maritime Officers, affiliated with the Seafarers International Union of North America, AFL-CIO, by its attorneys, Hartnett, Smith & Paetkau and Glanstein LLP, as and for its First Amended Complaint against Defendants American President Lines, Ltd., APL Maritime, Ltd. and International Organization of Masters, Mates & Pilots, respectfully alleges as follows:

THE PARTIES

1. Plaintiff American Maritime Officers ("AMO" or "Plaintiff") is a national labor organization under 29 U.S.C. § 185 (a) with its headquarters at 601 S. Federal Highway, Dania Beach, Florida 33004. Its members are employed throughout the inland and coastal waters of the United States and overseas as U.S. Coast Guard licensed merchant marine officers.

2. Defendant American President Lines, Ltd. ("APL") is a worldwide container shipping corporation headquartered in the United States, which recently agreed to be acquired by CMA CGM, a French ocean carrier company. APL operates oceangoing vessels under both foreign and U.S. flags through subsidiaries that include Defendant APL Maritime, Ltd. and APL Marine Services, Ltd.

3. Defendant APL is the operator, through its subsidiary, Defendant APL Maritime, and its subsidiary/agent, Osprey Ship Management, of the recently U.S. flagged Motor Vessel APL Guam ("M/V APL Guam"), on which AMO members were employed in all U.S. Coast Guard licensed deck officer and licensed engineer positions in cargo service to the U.S. territory of Guam from November 2015, when the M/V APL Guam was reflagged from a foreign flag to the U.S. flag of jurisdiction, until they were removed from the vessel by APL on February 29, 2016. APL employed these AMO members under 29 U.S.C. § 185 pursuant to the terms of a pre-existing twenty-year-old Collective Bargaining Agreement between AMO and Osprey and a November 2015 Memorandum of Understanding with a current three (3) year term, which does not expire until August 31, 2018.

4. Defendant International Organization of Masters, Mates, and Pilots, affiliated with the International Longshoremen's Association, AFL-CIO ("MMP"), is a labor organization under 29 U.S.C. § 185(a) and, like AMO, is affiliated with the American Federation of Labor-Congress of Industrial Organizations. AMO and MMP compete to represent licensed deck officers on U.S. flagged vessels.

JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(c).

6. Venue is proper in this district pursuant to 29 U.S.C. § 185(a) since both AMO and Defendants maintain offices in this district. AMO's offices are located at 1121 7th Street, Oakland, California 94607. APL's offices are located at 1395 Middle Harbor Road, Oakland, California 94612. MMP's offices are located at 548 Thomas L. Berkley Way, Oakland, CA 94612.

FACTS

7. AMO and APL are parties to a Memorandum of Understanding ("MOU") dated November 2, 2015, which sets forth the economic terms and conditions of employment for AMO members working aboard the M/V APL Guam, in accordance with a pre-existing Master Collective Bargaining Agreement ("CBA") in which APL, through its subsidiary Osprey, expressly recognized AMO as the "sole and exclusive bargaining representative for all Licensed Officers employed aboard Company owned and/or operated U.S. flag ocean-going vessels." This recognition language includes any deck officers, engineers, and radio officers, and all senior shipboard positions, which the parties have acknowledged are supervisors as defined under the National Labor Relations Act, 29 U.S.C. § 152 (11). The MOU also provides that "[a]ny and all terms and conditions contained in the Agreement [meaning the CBA] not specifically amended . . . shall remain in full force and effect." *See* Exhibit 2 attached hereto, which is a true and correct copy of the MOU. *See* Exhibit 3 attached hereto, which is a true and correct copy of the CBA.[1]

8. The MOU and Collective Bargaining Agreement between AMO and APL (the "AMO-APL CBA") requires mandatory arbitration before a designated contract Arbitrator of any and all complaints, controversies, disputes and grievances arising out of the application and performance by the parties of their terms. Importantly, the MOU and AMO-APL CBA also require preservation of all AMO jobs in the event of any sale or transfers of the M/V APL Guam or other covered vessels

9. On or about November 3, 2015, APL announced that the M/V APL Guam, previously a foreign flagged vessel with no U.S. licensed officers in any onboard positions, would take the place of another, much larger vessel operated by APL under the U.S. flag in the U.S.

[1] Attached as Exhibit 1 to this First Amended Complaint ("FAC") is a copy of the FAC in Microsoft Word™ redlined format reflecting the revisions to the original Complaint.

Maritime Administration's Maritime Security Program ("MSP"). The MSP offers a subsidy to vessel operators for operating U.S. flagged vessels that could be available to the U.S. in times of armed conflict or other national emergency.

10. At that same time, on or about November 3, 2015, Eric Mensing, President of APL, also announced that the M/V APL Guam would begin service to the island of Guam, and that AMO would fill all licensed deck and engineering officer positions on the vessel now that it was being operated under the U.S. flag for the first time.

11. As a result of APL placing the newly U.S. flagged M/V APL Guam into the MSP subsidy program, APL removed a different vessel from the program and reflagged it as a foreign flag vessel that did not require crewing with U.S. Coast Guard licensed deck officers and engineers.

12. The vessel removed from the MSP program and reflagged, the M/V APL Cyprine, had been up to that point working elsewhere than the Island of Guam and was crewed in licensed deck officer positions by members of the MMP, and in all licensed engineer positions by members of District No. 1, Marine Engineers Beneficial Association, AFL-CIO ("MEBA"), another labor organization which, like AMO, is affiliated with the AFL-CIO and which competes with AMO to represent licensed engineers on U.S. flagged vessels.

13. Shortly after APL's November 2015 announcement, both MMP and MEBA commenced grievances against APL and its subsidiary, APL Marine Services, which had operated the M/V APL Cyprine on a different route than to Guam. MMP and MEBA's grievances claimed that, based on language in their Collective Bargaining Agreements giving them crewing rights to APL Marine Services vessels in the MSP program, the M/V APL Guam had to be crewed in all licensed deck officer and engineer positions by their members, and that they had to be recognized as the bargaining representatives for those positions on the M/V APL Guam, notwithstanding the existence of the AMO-APL CBA covering the same positions on the vessel.

14. MEBA and MMP's grievances were consolidated with similar grievances brought by unlicensed crewmember unions previously aboard the M/V APL Cyprine for arbitration in Washington D.C. on December 10-11, 2015. The sole issue for the arbitrator was "whether the Company violated the Unions' collective bargaining agreements when it refused to crew the APL

Guam with employees represented by the Unions, and if so what shall be the remedy?" (Emphasis added.)

15. AMO did not receive notice of the scheduled arbitration from APL or the concurrent opportunity to protect its right to arbitrate its own contractual recognition for licensed deck officers and engineers aboard the M/V APL Guam, as required by the AMO-APL CBA and by Article XX of the AFL-CIO Constitution, which governs disputes among affiliated unions over representation rights.

16. As affiliated unions of the AFL-CIO, MEBA and MMP were bound under the AFL-CIO Constitution to resolve any disputes with AMO concerning their respective representation rights and work jurisdictions aboard the M/V APL Guam in accordance with Article XX of the AFL-CIO Constitution. Article XX, Section 20 of the AFL-CIO Constitution also forbade MEBA and MMP from seeking determinations of their representation rights in relation to AMO on the M/V APL Guam, another AFL-CIO affiliated union, "in court or other legal proceedings" such as the December 10-11, 2015 arbitration with APL. This was the case regardless of whether MEBA and MMP were in good standing at the AFL-CIO, which neither MEBA nor MMP were at the time AMO crewed the M/V APL Guam in November 2015, since AMO had a more than twenty–year-old collective bargaining relationship with APL through its subsidiary/agent Osprey Ship Management, which entitled AMO to Article XX protection regardless of how recently AMO crewed the M/V APL Guam or the other unions' alleged contractual rights with APL Marine Services. *See* Exhibit 4 attached hereto, which is a true and correct copy of Article XX of the AFL-CIO Constitution.

17. On February 9, 2016, the arbitrator in the APL-MEBA-MMP dispute issued a ruling finding in favor of MEBA and MMP and the unlicensed crew unions, and gave the parties' thirty (30) days to fashion a remedy.

18. On February 10, 2016, APL Maritime's Director of Labor Relations, John Dragone, notified AMO member Captain Christopher Bartlett, the Master of the M/V APL Guam, of the arbitration ruling, and that based on the arbitrator's February 9, 2016 decision APL now intended to replace all AMO represented licensed deck officers and engineers on the vessel with MMP and

MEBA represented officers and engineers forthwith. AMO's officials were simultaneously notified of APL's decision and imminent transfer of the vessel to the jurisdiction of MMP and MEBA.

19. On February 11-12, 2016, the Presidents of MEBA and MMP also made separate public statements that they expected their members to replace the AMO licensed deck officers and engineers on the M/V APL Guam forthwith based on the February 9, 2016 arbitration decision, and that their unions would also shortly be recognized as sole bargaining representatives for licensed deck officers and engineers on the M/V APL Guam, instead of AMO. They did so based on APL's representations and notwithstanding the requirements of the AFL-CIO Constitution that required MEBA and MMP, as AFL-CIO affiliated unions, to exhaust the internal dispute resolution procedures in Article XX of the AFL-CIO Constitution "to settle or determine any [such] disputes" with AMO over which union should crew the M/V APL Guam.

20. AMO immediately requested that APL reconsider withdrawing recognition from AMO and instead maintain the *status quo,* since failure to do so would violate AMO's contractual rights as the sole and exclusive bargaining representative for the supervisory licensed deck officers and engineers on the M/V APL Guam. AMO also communicated to APL that it intended also to state its position to the other unions regarding their AFL-CIO Constitution – Article XX exhaustion obligations concerning any disputes over which union should represent the licensed deck and engineering officers on the M/V APL Guam, and that MMP and MEBA were exclusively bound to resolve any dispute with AMO through the AFL-CIO Article XX mandatory dispute resolution procedures.

21. APL rejected AMO's request, and instead notified Captain Christopher Bartlett aboard the M/V APL Guam that it intended to place, so that they could familiarize themselves with the operations of the M/V APL Guam, an MMP represented Captain, an MMP represented Chief Mate, a MEBA represented Chief Engineer, and a MEBA represented First Assistant Engineer aboard the M/V APL Guam on or around February 23, 2016 for a trip to Busan, South Korea, where all AMO licensed deck officers and engineers would be replaced on or around February 28-29, 2016. On February 29, 2016, APL permanently replaced all AMO licensed deck and engineer officers with MMP and MEBA members.

22. On February 24, 2016 APL also notified AMO that it would withdraw recognition from AMO on February 29, and that it denied there was any binding collective bargaining agreement with AMO "or any other purported agreement" concerning the M/V APL Guam.

23. On March 9, 2016, AMO submitted a grievance to APL asserting APL's withdrawal of recognition, along with removal of AMO represented deck and engineering officers from the M/V APL Guam, violated the MOU and CBA. On March 10, 2016 APL's Director of Labor Relations, John Dragone, notified AMO that APL had no obligation to arbitrate under the MOU/CBA any grievance concerning AMO represented crewmembers aboard the M/V APL Guam. *See* Exhibit 5 hereto, which is a true and correct copy of the March 9, 2016 grievance.

24. APL's refusal to maintain the *status quo* and its unilateral withdrawal of recognition from AMO barely two weeks days after receipt of the arbitration decision constituted a violation of its agreement in the MOU and CBA to continue to recognize AMO.

25. APL also has refused to provide AMO with information from its pending acquisition by CMA CGM, a foreign corporation, about whether AMO's contracts with APL are being assumed by the buyer as a successor employer, as is required under the sale and transfer provisions in the AMO-APL CBA. As such, the failure to maintain the *status quo* by APL may render AMO's rights to pursue arbitration remedies against APL concerning the above grievance concerning APL's violations of its agreements with APL futile once APL's acquisition by CMA CGM is completed.

26. As a direct, proximate result of APL's actions (1) placing MEBA/MMP-represented licensed deck and engineering officers alongside AMO-member licensed deck officers and engineers on the M/V APL Guam from February 22, 2016 to February 29, 2016, (2) withdrawing recognition from AMO as the exclusive bargaining representative for the licensed deck and engineering officers on board the M/V APL Guam, and (3) permanently removing all AMO represented licensed deck officers and engineers from the M/V APL Guam on February 29, 2016 and replacing them with MMP and MEBA represented licensed deck and engineering officers, and (4) refusing to arbitrate AMO's class action grievance on behalf of the AMO represented crewmembers who worked aboard the M/V APL Guam, APL has violated its Collective Bargaining Agreement and its MOU with AMO. Specifically, an arbitration was held by APL

with the MEBA/MMP unions that implicated AMO's contractual rights under the AMO-APL CBA, AMO was not given any opportunity to participate or object. Any claims to displace AMO as the exclusive bargaining representative were required to be presented to the AFL-CIO, which MEBA and MMP were obligated to do in the first instance in November 2015 regardless of the fact the MEBA/MMP unions were under sanctions at the AFL-CIO when AMO crewed the vessel.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF – AGAINST DEFENDANTS AMERICAN PRESIDENT LINES, LTD. AND APL MARITIME, LTD.

(Violations of 29 U.S.C. § 185 – Withdrawal of Recognition of Incumbent Union In Violation of Valid Collective Bargaining Agreement and Refusal to Arbitrate Grievance)

27. Plaintiff re-alleges and incorporates herein by reference the allegations of Paragraphs 1 through 26, inclusive, above, as though fully set forth herein.

28. By reason of the allegations contained in Paragraph 1-27 above, AMO is entitled to an order and judgment directing representatives of Defendants American President Lines, Ltd. and APL Maritime, Ltd. (collectively, "APL") to cease and desist from the above actions, which violated AMO's rights as the exclusive bargaining representative for licensed deck officers aboard the M/V APL Guam, including placing any MMP represented deck officers aboard the M/V APL Guam, and restoring recognition to AMO as bargaining representative for licensed deck officers forthwith. APL had no grounds to withdraw recognition from AMO for the deck officers aboard the M/V APL Guam, since (1) AMO has a valid ongoing collective bargaining agreement for the vessel; (2) no such remedy was ordered by the February 9, 2016 arbitration decision and (3) the MMP and MEBA were first required to bring their claims for recognition and to replace AMO on that vessel as bargaining representatives through the AFL-CIO Constitution's Article XX mandatory and exclusive dispute resolution procedure for resolving representation disputes among affiliated unions, which AMO, MMP, and MEBA all were in November 2015.

29. As outlined below, MEBA has accepted the jurisdiction of the AFL-CIO under Article XX of the AFL-CIO Constitution concerning its dispute with AMO over representation rights for engineers on the vessel, but MMP has refused to do so. Consequently, this portion of

AMO's claim for relief against APL is directed solely to the deck officers positions which APL wrongfully removed from AMO members aboard the vessel and replaced with members of MMP.

30. By reason of the allegations contained in Paragraphs 1-28 above, AMO is also entitled to an order and judgment directing APL's representatives to put all other business aside and respond to AMO's requests for information concerning whether CMA CGM is being bound as a successor to APL's contracts for this vessel following any sale, transfer, or assignment of the vessel, which appears imminent.

31. By APL's failure and refusal to continue to recognize AMO as the exclusive bargaining representative for its licensed deck officers aboard the M/V APL Guam, pursuant to the AMO-APL CBA, APL has a legal and contractual duty to continue to recognize and bargain with AMO, not to withdraw recognition from AMO, and to arbitrate AMO's March 9, 2016 grievance against APL. By failing and refusing to continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers and engineers aboard the M/V APL Guam, by removing them from employment aboard the M/V APL Guam and replacing them with MMP and MEBA members and by refusing to arbitrate AMO's March 9, 2016 contractual grievance, which concerned matters that occurred prior to and concurrent with APL's unlawful and unilateral withdrawal of recognition from AMO, the APL Defendants, and each of them, have violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

32. By reason of the APL Defendants' violation of 29 U.S.C. § 185, Plaintiff is entitled to certain relief, including enforcement of APL's obligation to continue to recognize AMO and its member licensed deck officers aboard the M/V APL Guam, and to return AMO's members to the deck officer positions on the vessel after having unlawfully replaced them with MMP members, as set forth below, and to arbitrate AMO's March 9, 2016 grievance forthwith.

SECOND CLAIM FOR RELIEF – AGAINST DEFENDANT MMP

(Violation of 29 U.S.C. § 185 – Failure to Follow AFL-CIO Constitution's Mandatory Dispute Resolution Procedures For Representation Dispute With Another Affiliate)

33. Plaintiff re-alleges and incorporates herein by reference the allegations of Paragraphs 1 through 32, inclusive, above, as though fully set forth herein.

34. Defendant MMP, by seeking in November 2015 to displace and then on February 29, 2016 by coercing an employer to displace AMO, another AFL-CIO affiliated union, as the recognized exclusive bargaining representative for the licensed deck officers on the M/V APL Guam without first exhausting the mandatory dispute resolution procedures in Article XX of the AFL-CIO Constitution for representation disputes between affiliated unions, has violated Article XX, Sections 2 , 3, and 20 of the AFL-CIO Constitution.

35. As a result of this violation, AMO has been denied its rights under Article XX, and unless MMP is ordered to go through the Article XX dispute process before continuing to be recognized by APL for crewing the M/V APL Guam, AMO's rights will continue to be violated indefinitely as MMP was under sanctions at the AFL-CIO at the time AMO crewed the vessel and remains so, and as such AMO cannot obtain remedies against MMP under the AFL-CIO's dispute resolution procedures, which MMP deliberately ignored in November 2015 for this very reason.

36. Since MMP was under sanctions at the time the dispute arose, absent an order from this Court MMP will not voluntarily comply with its obligations to (1) not interfere with AMO's contractual rights to fill the deck officer positions aboard the vessel and (2) have the representation dispute over which union should crew the M/V APL Guam resolved in accordance with the AFL-CIO Constitution's mandatory and exclusive dispute resolution procedures.

37. On March 15, 2016 the President of AMO wrote to the Presidents of MEBA and MMP to request their voluntary compliance with Article XX, to respect AMO's rights thereunder, and to do what they should have done before they crewed the APL Guam in November 2015 by having this representation dispute resolved among all three affiliated unions resolved in accordance with the AFL-CIO Constitution. *See* Exhibit 6 attached hereto, which is a true and correct copy of the March 15, 2016 letter.

38. AMO's request to relinquish positions on the vessel was rejected by MEBA on March 18, 2016, but MEBA concurrently invoked Article XX of the AFL-CIO Constitution by filing a belated Article XX charge against AMO for alleged interference with its collective bargaining relationship with APL due to AMO's efforts to enforce Article XX. Since MEBA invoked Article XX jurisdiction, AMO filed a counter-charge against MEBA and their dispute

over representation rights aboard the vessel shall now be resolved through the Article XX mandatory dispute resolution procedures in the AFL-CIO Constitution. [*See* MEBA March 18, 2016 Letter, attached as Exhibit 7, and SIUNA Article XX letter on behalf of AMO dated March 29, 2016, attached as Exhibit 8.]

39. MMP rejected AMO's request in its letter dated March 18, 2016. In that letter, MMP's President Donald Marcus characterized AMO's November 2015 actions in crewing the APL Guam as "a raid on [its] jurisdiction," thereby admitting and acknowledging that its dispute with AMO over which union's members should crew the APL Guam is a representation dispute governed by Article XX of the AFL-CIO Constitution. . However, Marcus also wrote that MMP would not voluntarily abide by Article XX. *See* Exhibit 9 attached hereto, which is a true and correct copy of the March 18, 2016 letter from MMP President Donald Marcus

40. By reason of Defendant MMP's continuing violation of 29 U.S.C. § 185, which applies to the AFL-CIO Constitution as a contract among labor organizations, AMO is entitled to an order directing MMP (1) to relinquish any claims to recognition as bargaining representative for licensed deck officers on the M/V APL Guam until, like AMO and MEBA, it has exhausted the mandatory Article XX dispute resolution procedures to resolve this dispute with AMO, another AFL-CIO affiliated union, and (2) in the interim to allow AMO's members to return to work as licensed deck officers aboard the M/V APL Guam without further coercion of APL as a result of the February 9, 2016 arbitrator's decision, which was *ultra vires* to the extent it was used as a basis for displacing AMO, another AFL-CIO affiliate, as bargaining representative for licensed officers aboard the M/V APL Guam.

THIRD CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS

(Declaratory Relief – 28 U.S.C. § 2201(a))

41. Plaintiff re-alleges and incorporates herein by reference the allegations of Paragraphs 1 through 40, inclusive, above, as though fully set forth herein.

42. A real and actual controversy of sufficient immediacy and reality to warrant immediate declaratory relief exists between AMO and APL as to the enforceability of the AMO-APL CBA; APL's decision to remove the AMO represented licensed deck officers and engineers

aboard the M/V APL Guam who were members in good standing of AMO, and to replace them with MEBA/MMP members; and APL's failure and refusal to continue to recognize AMO as the exclusive bargaining representative for licensed deck and engineering officers on the vessel pursuant to the AMO-APL CBA, and instead recognize MEBA/MMP as bargaining representatives when they failed to first exhaust the exclusive and mandatory dispute resolution procedures in the AFL-CIO Constitution, which they were required to do before displacing AMO on the vessel.

43. Specifically, AMO contends that APL has a legal and contractual duty to continue to recognize and bargain with AMO, and not to withdraw recognition from AMO. By failing and refusing to continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers and engineers aboard the M/V APL Guam, and not remove them from employment aboard the M/V APL Guam and to replace them with MEBA/MMP members, Defendants, and each of them, have violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Defendant APL replaced AMO members with Defendants MEBA/MMP's members on or about February 29, 2016; all Defendants intend not to honor their legal and contractual obligations to AMO (under the CBA in the case of APL and under the AFL-CIO Constitution in the case of MMP) and its members; and MMP intends not to honor its mandatory obligation under Article XX of the AFL-CIO Constitution to arbitrate its dispute with AMO regarding which labor organization is the exclusive bargaining representative of all licensed deck officers and engineers aboard the M/V APL Guam.

44. The controversy between Plaintiff and Defendants is thus real and substantial. Plaintiff AMO demands specific relief through a decree of a conclusive character that APL has a legal and contractual duty to continue to recognize and bargain with AMO; not to withdraw recognition from AMO and instead continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers aboard the M/V APL Guam; to return them to employment aboard the M/V APL Guam and not to replace them with MMP members; as MMP has a legal and contractual duty to first exhaust the Article XX mandatory dispute resolution procedures in the AFL-CIO Constitution before displacing AMO as recognized bargaining representative aboard the M/V APL Guam. Defendants, and each of them, have

therefore violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The nature and extent of the adverse legal interests between Plaintiff AMO and Defendants are apparent, and the controversy is definite and concrete.

45. Plaintiff AMO is therefore entitled to a declaratory judgment that APL has a legal and contractual duty to continue to recognize and bargain with AMO; not to withdraw recognition from AMO and instead continue to recognize AMO as the exclusive bargaining representative for its licensed deck officers aboard the M/V APL Guam; not to remove them from employment aboard the M/V APL Guam and not to replace them with MMP members; and to arbitrate AMO's grievance, and Plaintiff AMO is entitled to a declaratory judgment that Defendant MMP has a legal and contractual duty to exhaust the mandatory dispute resolution procedures in Article XX of the AFL-CIO Constitution before displacing AMO as bargaining representative for licensed deck and engineering officers on the M/V APL Guam, and Defendants, and each of them, have violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 by their actions to date as set forth herein.

PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiff respectfully requests judgment and relief as follows:

a. For a declaratory judgment that Defendant APL:

(i) Has a legal and contractual duty to continue to recognize and bargain with AMO;

(ii) Shall not withdraw recognition from AMO and instead must continue to recognize AMO as the exclusive bargaining representative for its licensed deck officers aboard the M/V APL Guam, and shall abide by the results of the Article XX dispute between AMO and MEBA over which union shall be the exclusive bargaining representative for the licensed engineers aboard the M/V APL Guam;

(iii) Shall return the AMO member licensed deck officers to employment aboard the M/V APL Guam, and shall replace the MMP members placed aboard on February 29, 2016 at the earliest reasonable opportunity; and

    (iv) Shall arbitrate AMO's March 9, 2016 grievance regarding the contract violations which have occurred as a result of APL's actions to date.

b. For a declaratory judgment that Defendant MMP

(i) Has a legal and contractual duty to first bring its claims for rights to be recognized as the exclusive bargaining representative for licensed deck officers on the M/V APL Guam under the AFL-CIO's exclusive dispute resolution procedures in Article XX of the AFL-CIO Constitution, since AMO as another AFL-CIO affiliate with a longstanding collective bargaining agreement with APL and is entitled to the protections of Article XX, and

(ii) Shall cease to represent licensed deck officers aboard the M/V APL Guam at the earliest reasonable opportunity, until it has exhausted the exclusive dispute resolution procedures in Article XX of the AFL-CIO Constitution and any decision is rendered in its favor in any such proceedings,

c. Defendants, and each of them, have violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

d. For a preliminary and a permanent injunction requiring Defendant APL to continue to recognize and bargain with AMO; not to withdraw recognition from AMO and instead continue to recognize AMO as the exclusive bargaining representative for its currently-employed licensed deck officers aboard the M/V APL Guam; to return them to employment aboard the M/V APL Guam, and requiring Defendant MMP to bring its claims for representation rights on the vessel to the AFL-CIO, and until such proceedings are resolved in their favor to refrain from placing MMP represented deck officers aboard the M/V APL Guam, or from taking any action seeking to compel APL to withdraw recognition from AMO as the sole and exclusive representative of those deck officers on the M/V APL Guam in violation of the current contracts between APL and AMO, including without limitation the AMO-APL CBA; and directing APL to put all other business aside and produce forthwith the documents requested by AMO in connection with APL's pending acquisition by CMA CGM pertaining to assumption of AMO's current contracts with APL, in compliance with the sale and transfer obligations therein, as a sale appears imminent;

e. For costs of suit;

f. For reasonable attorney's fees under Section 7(e) of the Norris LaGuardia Act, 29 U.S.C. § 107; and

g. For such other and further relief as the Court deems just and proper.

Dated: April 8, 2016

HARTNETT, SMITH & PAETKAU GLANSTEIN LLP

By: /s/ Tyler M. Paetkau
Tyler M. Paetkau
Attorneys for Plaintiff AMO