PHILIP L. ROSS, Bar No. 090042
plross@littler.com
LITTLER MENDELSON, P.C.
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.949.2391
Facsimile: 415.743.6590

JOHN M. SKONBERG, Bar No. 069409
jskonberg@littler.com
PAUL E. GOATLEY, Bar No. 305606
pgoatley@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California 94104
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendants
AMERICAN PRESIDENT LINES, LTD,
and APL MARITIME, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN MARITIME OFFICERS, affiliated with Seafarers International Union of North America, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN PRESIDENT LINES, LTD.; APL MARITIME, LTD,; INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS, ILA, AFL-CIO,<br><br>Defendants. | Case No. 3:16-cv-00861-EMC<br><br>**DEFENDANTS AMERICAN PRESIDENT LINES, LTD. AND APL MARITIME, LTD.'S ANSWER TO PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT** |

**Defendants' APL and APL Maritime's Answer To Plaintiff's Corrected First Amended Complaint**     Case No. 3:16-cv-00861-EMC

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Defendants AMERICAN PRESIDENT LINES, LTD. and APL MARITIME, LTD. (hereafter collectively "Defendants") hereby answer the Corrected First Amended Complaint filed by Plaintiff AMERICAN MARTIME OFFICERS, as follows:

## THE PARTIES

1. Answering Paragraph 1 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 1, and on that basis deny the allegations contained in that Paragraph.

2. Answering Paragraph 2 of the Complaint, Defendants admit that Defendant American President Lines, Ltd. ("APL") is a worldwide shipping corporation headquartered in the United States. Further Answering Paragraph 2 of the Complaint, Defendants deny the remaining allegations contained in that Paragraph.

3. Answering Paragraph 3 of the Complaint, Defendants admit that following its reflagging as a U.S.-flagged vessel, AMO members were employed for a period of time on the M/V *APL Guam* in licensed deck officer and licensed engineer positions, until they were removed from the vessel on February 29, 2016. Further Answering Paragraph 3 of the Complaint, Defendants deny the remaining allegations contained in that Paragraph.

4. Answering Paragraph 4 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 4, and on that basis deny the allegations contained in that Paragraph.

## JURISDICTION AND VENUE

5. Answering Paragraph 5 of the Complaint, Defendants admit the allegations contained in that Paragraph.

6. Answering Paragraph 6 of the Complaint, Defendants admit that venue is proper in this district pursuant to 29 U.S.C. § 185(a). Further answering Paragraph 6 of the Complaint, Defendants deny that APL has offices located at 1395 Middle Harbor Road, Oakland, CA 94612. Still further answering Paragraph 6 of the Complaint, Defendants lack sufficient information and belief to admit or deny the remaining allegations in paragraph 6, and on that basis deny the remaining allegations contained in that Paragraph.

FACTS

7. Answering Paragraph 7 of the Complaint, Defendants deny the allegations contained in that Paragraph.

8. Answering Paragraph 8 of the Complaint, Defendants deny the allegations contained in that Paragraph.

9. Answering Paragraph 9 of the Complaint, Defendants admit that the Maritime Security Program ("MSP") offers a subsidy to vessel operators for operating U.S. flagged vessels that are made available to the US Government in times of armed conflict or other national emergency. Further answering Paragraph 9 of the Complaint, Defendants deny the remaining allegations contained in that Paragraph.

10. Answering Paragraph 10 of the Complaint, Defendants deny the allegations contained in that Paragraph.

11. Answering Paragraph 11 of the Complaint, Defendants deny the allegations contained in that Paragraph.

12. Answering Paragraph 12 of the Complaint, Defendants admit that the M/V *APL Cyprine* was removed from the MSP program and reflagged; and that the *APL Cyprine* had been working elsewhere than the Island of Guam and was crewed in licensed deck officer positions by members of the International Organization of Masters, Mates and Pilots ("MMP") and in licensed engineer positions by members of District No. 1, Marine Engineers Beneficial Association ("MEBA"). Further answering Paragraph 12 of the Complaint, Defendants lack sufficient information and belief to admit or deny the remaining allegations in paragraph 12, and on that basis deny the remaining allegations contained in that Paragraph.

13. Answering Paragraph 13 of the Complaint, Defendants admit that in November 2015, both MMP and MEBA commenced grievances against APL and APL Marine Services, Ltd., which had operated the *APL Cyprine* on a different route than to Guam. Defendants further admit that those grievances claimed, among other things, that based on language in the MMP and MEBA collective bargaining agreements allegedly giving them recognitional rights to APL Marine Services vessels in the MSP program, the *APL Guam* had to be crewed in all licensed deck office and

engineering positions by MMP and MEBA members, and that the MMP and MEBA had to be recognized as the respective bargaining representatives for those position on the M/V APL Guam. Further answering Paragraph 13 of the Complaint, Defendants deny the remaining allegations contained in that Paragraph.

14. Answering Paragraph 14 of the Complaint, Defendants admit the allegations contained in that Paragraph (but without the emphasis added).

15. Answering Paragraph 15 of the Complaint, Defendants deny the allegations contained in that Paragraph.

16. Answering Paragraph 16 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 16, and on that basis deny the allegations contained in that Paragraph

17. Answering Paragraph 17 of the Complaint, Defendants admit the allegations contained in that Paragraph.

18. Answering Paragraph 18 of the Complaint, Defendants deny the allegations contained in that Paragraph

19. Answering Paragraph 19 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 19, and on that basis deny the allegations contained in that Paragraph.

20. Answering Paragraph 20 of the Complaint, Defendants deny the allegations contained in that Paragraph.

21. Answering Paragraph 21 of the Complaint, Defendants admit that on or about February 23, 2016 an MMP represented Captain and Chief Master, and MEBA represented Chief Engineer and First Assistant Engineer were placed aboard the M/V *APL Guam* so they could familiarize themselves with the operations of the vessel, and that on February 29, 2016 in Busan, South Korea, AMO licensed deck and engineer officers aboard the M/V *APL Guam* were replaced by MMP and MEBA members. Further answering Paragraphs 21 of the Complaint, Defendants deny the remaining allegations contained in that Paragraph.

Defendants' APL and APL Maritime's Answer To Plaintiff's Corrected First Amended Complaint      4.      Case No. 3:16-cv-00861-EMC

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1   22.   Answering Paragraph 22 of the Complaint, Defendants deny the allegations contained in that Paragraph.

2   23.   Answering Paragraph 23 of the Complaint, Defendants deny the allegations contained in that Paragraph.

3   24.   Answering Paragraph 24 of the Complaint, Defendants deny the allegations contained in that Paragraph.

4   25.   Answering Paragraph 25 of the Complaint, Defendants the allegations contained in that Paragraph.

5   26.   Answering Paragraph 26 of the Complaint, Defendants deny the allegations contained in that Paragraph; except for the last sentence as to which Defendants lack sufficient information and belief to admit or deny, and on that basis deny the allegations contained in that last sentence of the Paragraph .

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF – AGAINST DEFENDANTS AMERICAN PRESIDENT LINES, LTD. AND APL MARITIME, LTD.

(Violation of 29 U.S.C. § 185 – Withdrawal of Recognition of Incumbent Union in Violation of Valid Collective Bargaining Agreement and Refusal to Arbitrate Grievance)

27.   Answering Paragraph 27 of the Complaint, Defendants hereby repeat and incorporate by reference each and every admission and denial set forth above as to paragraphs 1 through 26 as though fully set forth herein.

28.   Answering Paragraph 28 of the Complaint, Defendants deny the allegations contained in that Paragraph.

29.   Answering Paragraph 29 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in this paragraph 29, and on that basis deny the allegations contained in that Paragraph.

30.   Answering Paragraph 30 of the Complaint, Defendants deny the allegations contained in that Paragraph.

LITTLER MENDELSON
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Defendants' APL and APL Maritime's Answer To Plaintiff's Corrected First Amended Complaint   5.   Case No. 3:16-cv-00861-EMC

31. Answering Paragraph 31 of the Complaint, Defendants deny the allegations contained in that Paragraph.

32. Answering Paragraph 32 of the Complaint, Defendants deny the allegations contained in that Paragraph.

SECOND CLAIM FOR RELIEF – AGAINST DEFENDANT MMP

(Violation of 29 U.S. § 185 – Failure to Follow AFL-CIO Constitutions Mandatory Dispute Resolution Procedures For Representation Dispute With Another Affiliate))

33. Answering Paragraph 33 of the Complaint, Defendants hereby repeat and incorporate by reference each and every admission and denial set forth above as to paragraphs 1 through 32 as though fully set forth herein.

34. Answering Paragraph 34 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 34, and on that basis deny the allegations contained in that Paragraph.

35. Answering Paragraph 35 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 35, and on that basis deny the allegations contained in that Paragraph.

36. Answering Paragraph 36 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 36, and on that basis deny the allegations contained in that Paragraph.

37. Answering Paragraph 37 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 37, and on that basis deny the allegations contained in that Paragraph.

38. Answering Paragraph 38 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 38, and on that basis deny the allegations contained in that Paragraph.

39. Answering Paragraph 39 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 39, and on that basis deny the allegations contained in that Paragraph.

LITTLER MENDELSON
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Defendants' APL and APL Maritime's Answer To Plaintiff's Corrected First Amended Complaint    6.    Case No. 3:16-cv-00861-EMC

1    40.     Answering Paragraph 40 of the Complaint, Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 40, and on that basis deny the allegations contained in that Paragraph.

### THIRD CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS

(Declaratory Relief – 28 U.S.C. § 2201(a))

41    Answering Paragraph 41 of the Complaint, Defendants hereby repeat and incorporate by reference each and every admission and denial set forth above as to paragraphs 1 through 40 as though fully set forth herein.

42.    Answering Paragraph 42 of the Complaint, Defendants deny the allegations contained in that Paragraph.

43.    Answering Paragraph 43 of the Complaint, Defendants deny the allegations contained in that Paragraph.

44.    Answering Paragraph 44 of the Complaint, Defendants deny the allegations contained in that Paragraph

45.    Answering Paragraph 45 of the Complaint, Defendants deny the allegations contained in that Paragraph.

### PRAYER FOR JUDGMENT AND RELIEF

Defendants deny that Plaintiff is entitled to judgment or any of the relief sought against them as set forth in Plaintiff's "Prayer for Judgment and Relief."

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the Corrected First Amended Complaint fails to state facts sufficient to constitute any claim claim for relief as against Defendants.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the Corrected First Amended Complaint and all claims for relief therein should be dismissed on the ground that Plaintiff has failed to join the Marine Engineers Beneficial Association ("MEBA") who is a necessary and

LITTLER MENDELSON
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Defendants' APL and APL Maritime's Answer To Plaintiff's Corrected First Amended Complaint    7.    Case No. 3:16-cv-00861-EMC

1  indispensable party as it also claims an interest in the subject matter of this action, namely the
2  crewing of and recognitional rights over respect to the vessel M/V *APL Guam*, and is so situated that
3  disposing of the action in its absence may (i) as a practical matter impair or impede its ability to
4  protect its interests, and/or (ii) may leave Defendants subject to a substantial risk of incurring
5  double, multiple or otherwise inconsistent obligations because of the interests.

THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims in the Corrected First Amended Complaint are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any alleged conduct and/or omissions of Defendants.

FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims in the Corrected First Amended Complaint are barred, in whole or in part, because Plaintiff has an adequate remedy at law.

FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims in the Corrected First Amended Complaint are barred, in whole or in part, because the harm to Defendants and to the other employees who would be adversely affected by the granting of the relief sought by the Plaintiff outweighs any alleged harm to the Plaintiff.

SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that actions taken with respect to the termination of any agreement Plaintiff had with respect to the *M/V APL Guam* was not in violation of any contractual or statutory provisions as (1) any contractual agreement was for an indefinite term and therefore terminable at will, and/or (2) any contractual agreement with Plaintiff was an agreement covering only "supervisors" as defined by the National Labor Relations Act.

SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff is estopped by reason of its conduct, acts, or omissions, from recovering against Defendants on any purported

LITTLER MENDELSON
A Professional Corporation
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Defendants' APL and APL Maritime's Answer To Plaintiff's Corrected First Amended Complaint      8.      Case No. 3:16-cv-00861-EMC

claims for relief contained in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants designate all denials as defenses as necessary to provide a complete defense as to any and all of Plaintiff's claims as alleged against Defendants.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by his Complaint as against Defendants;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice as against Defendants, with judgment entered against Plaintiff and in favor of Defendants;

3. That Plaintiff be ordered to pay Defendants costs of suit and attorneys' fees incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Dated: April 13, 2016

/s/ Philip L. Ross
PHILIP L. ROSS
JOHN M. SKONBERG
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AMERICAN PRESIDENT LINES, LTD,
and APL MARITIME, LTD.

Firmwide:139912621.1 009400.1101

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Defendants' APL and APL Maritime's Answer To Plaintiff's Corrected First Amended Complaint   9.   Case No. 3:16-cv-00861-EMC