Tyler M. Paetkau, State Bar No. 146305
Jay Withee, State Bar No. 275012
HARTNETT, SMITH & PAETKAU
777 Marshall Street
Redwood City, CA 94063
Tel:     (650) 568-2820
Fax:     (650) 568-2823
Email: tpaetkau@hslawoffice.com

David M. Glanstein (Admitted *Pro Hac Vice*)
Glanstein LLP
437 Madison Avenue – 35th Floor
New York, NY 10022
Tel:     (212) 370-5100
Fax:     (212) 697-6299
Email: david@glansteinllp.com


Attorneys for Plaintiff
AMERICAN MARITIME OFFICERS

PHILIP L. ROSS, Bar No. 090042
plross@littler.com
LITTLER MENDELSON, P.C.
1255 Treat Boulevard, Suite 600
Walnut Creek, California  94597
Telephone: (925) 949-2391
Facsimile: (415) 743-6590

JOHN M. SKONBERG, Bar No. 069409
jskonberg@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, California  94104
Telephone: (415) 433-1940
Facsimile: (415) 399-8490

Attorneys for Defendants
AMERICAN PRESIDENT LINES, LTD,and APL MARITIME, LTD

LISA C. DEMIDOVICH, Bar No. 245836
ldemidovich@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
500 North Central Avenue, Suite 800
Glendale, California 91203-3345
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Defendant
INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN MARITIME OFFICERS, affiliated with Seafarers International Union of North America, AFL-CIO,<br><br>Plaintiff,<br>vs.<br><br>AMERICAN PRESIDENT LINES, LTD.; APL MARITIME, LTD., INTERNATIONAL ORGANIZATION OF MASTERS, MATES, AND PILOTS, ILA, AFL-CIO,<br><br>Defendants. | **Case No.: 3:16-CV-00861-EMC**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Further: CMC May 24, 2016<br><br>Time:    2:30pm<br><br>Place: Courtroom 5, 17th Floor<br>U.S. District Court<br>Golden Gate Avenue<br>San Francisco, CA |

Pursuant to this Court's Order Setting Initial Case Management Conference and Civil Local Rule 16-9, Plaintiff American Maritime Officers, affiliated with the Seafarers International Union of North America, AFL-CIO, ("AMO") Defendants American President Lines, Ltd., APL Maritime, Ltd., ("APL" and "AML") and Defendant International Organization of Masters, Mates, and Pilots, ("MMP") affiliated with the International Longshoremen's Association, AFL-CIO, through counsel, (collectively referred to as the "Parties") hereby submit the following Joint Case Management Statement.

## I.        JURISDICTION AND SERVICE OF PROCESS

Jurisdiction of this Court is currently proper, as Plaintiff's Corrected First Amended Complaint presents federal questions under the Labor Management Relations Act, 29 U.S.C. § 185(a).

All named Parties were served in this matter on April 29, 2016.  Defendants APL and AML filed their Answer to the Corrected First Amended Complaint on April 14, 2016. Defendant MMP, by stipulation of the Parties, has until June 3, 2016 to respond to Plaintiff's Corrected First Amended Complaint.

## II.       FACTS:

Plaintiff AMO's formulation of the facts:

Plaintiff alleges that AMO and APL were parties to a collective bargaining agreement set forth by a Memorandum of Understanding ("MOU") dated November 2, 2015, which included economic terms and conditions of employment for AMO members working aboard the M/V APL Guam, in accordance with a pre-existing Master Collective Bargaining Agreement ("CBA") in which APL, through its subsidiary Osprey, expressly recognized AMO as the "sole and exclusive bargaining representative for all Licensed Officers employed aboard Company owned and/or operated U.S. flag ocean-going vessels" beginning in early November 2015.   Thereafter, Plaintiff contents APL on February 29, 2016 unlawfully withdrew recognition from AMO for the Licensed Officers aboard the M/V APL Guam and replaced members of AMO with members of MMP and another union, the Marine Engineers Beneficial Association.   AMO contends this was a violation of 29 U.S.C. § 185 and its collective bargaining agreement, and seeks a declaratory judgment, injunctive relief, and to arbitrate a grievance it filed against APL on March 9, 2016.   AMO also contends APL has unlawfully refused to provide information requested by AMO concerning its acquisition by CMA-CGM and whether CMA-CGM will assume the obligations in AMO's collective bargaining agreement for the vessel.

Plaintiff also alleges MMP, by replacing AMO deck officers aboard the M/V APL Guam on February 29, 2016, also violated 29 U.S.C. § 185 by refusing first to bring its dispute

1   with AMO over representation rights aboard the vessel to arbitration before the AFL-CIO, the

2   umbrella labor federation of which both AMO and MMP are members, as required by Article

3   XX of the AFL-CIO Constitution, a labor contract under 29 U.S.C. § 185.  AMO contends

4   MMP is required to exhaust the mandatory dispute resolution procedures in Article XX before

5   it can replace AMO, and MMP having not done so AMO is entitled to declaratory and

6   injunctive relief compelling MMP to pursue arbitration at the AFL-CIO and in the interim

7   relinquish representation of deck officers aboard the vessel at the earliest practical date.

8        Defendant APL and AML's formulation of the facts:

9        Osprey Ship Management, a subsidiary of Defendant AML, was party to a Confidential

10  Contribution Agreement ("the CCL"), dated November 2, 2015, with Plaintiff AMO, agreeing

11  to contribute certain rates into various union benefit plans as set forth in that letter on behalf of

12  licensed officers represented by the AMO and serving aboard the vessel *MV APL Guam*.  On or

13  about November 30, 2015, Osprey Ship Management further entered into a written agreement

14  ("the Appendix") with Plaintiff AMO, under which Osprey Ship Management  agreed to pay

15  certain wages and benefits as set forth in that document to licensed officers represented by the

16  AMO and serving aboard the vessel *MV APL Guam*.  Neither the wage and benefit agreement,

17  nor the CCL, contains any term of duration or specified termination procedure.  As such, both

18  the wage and benefit letter and CCL were terminable at any time upon actual notice.   Defendant

19  APL has not had any contractual agreement with AMO concerning the *MV APL Guam* at any

20  time.

21       In November 2015, Defendant "MMP," the Marine Engineers Beneficial Association

22  (MEBA), and two other unions, the Sailors' Union of the Pacific and the Marine Firemen's

23  Union (collectively "the West Coast Unions") brought grievances against APL and another

24  entity, APL Marine Services, Ltd., who operated other APL vessels and whose crews were

25  represented by those West Coast Unions.  Those grievances claimed, among other things, that

26  based on language in the West Coast Unions' collective bargaining agreements with APL and/or

27  APL Marine Services, allegedly giving them recognitional rights to APL Marine Services

28  operated vessels in the Maritime Security Program, that the *MV APL Guam* had to be crewed in

1    all licensed and unlicensed positions by seafarers represented by the West Coast Unions, and

2    that the West Coast Unions  had jurisdiction to be recognized as the exclusive bargaining

3    representatives for those position on the *MV APL Guam*.

4           On February 9, 2016, the arbitrator ruled in favor of the West Coast Unions and found

5    that West Coast Unions had collective bargaining representation jurisdiction over the *MV APL*

6    *Guam,* which vessel had to be crewed by members of the West Coast Unions.

7           On February 24, 2016, Osprey Ship Management provided the AMO with written

8    notice that, effective February 29, 2016, Osprey Ship Management intended to, and would,

9    terminate both the fringe benefit letter of November 2, 2015 ("the CCL"), the wage letter of

10   November 30, 2015 ("the Appendix"), as well as any other purported agreement between the

11   parties and pertaining to the *APL Guam*.  Pursuant to that termination notice, on February 29,

12   2016 in Busan, South Korea, AMO licensed deck and engineer officers aboard the *MV APL*

13   *Guam* were replaced by the West Coast Unions, including MMP.

14          Defendant MMP's formulation of the facts:

15          The arbitrator's February 9, 2016 decision correctly found that the West Coast Unions

16   have collective bargaining agreements with APL and/or APL Marine Services establishing

17   representation jurisdiction covering the vessel crew members on *MV APL Guam*.  In that

18   arbitration, the arbitrator also correctly found that MMP and the other West Coast Unions

19   have longstanding past practice of crewing vessels in the MSP program.  In contrast, AMO's

20   lawsuit is based on a contract created in November 2015 that contained no duration term and

21   was properly terminated by APL effective February 29, 2016.

22          AMO has failed to file any Article XX charges with the AFL-CIO related to these

23   events against MMP. As MMP has a well-established bargaining relationship with APL for

24   many decades and AMO has no collective bargaining agreement with APL, AMO has not

25   pleaded facts that establish a basis for Article XX jurisdiction.

26          MMP believes all indispensable parties have not yet been joined by Plaintiff, including

27   APL Marine Services and the other three West Coast Unions.

28

### III.     ISSUES IN DISPUTE

1. **Factual Issues**:

Plaintiff AMO's formulation of factual issues:

a.   Whether CMA-CGM has completed its acquisition of APL's parent company NOL and in doing do agreed to assume the obligations in AMO's collective bargaining agreement covering the M/V APL Guam?

b.   Whether MMP took steps to exert economic pressure on APL to compel APL to replace AMO's officers with its own officers on February 29, 2016?

c.   What communications were had between AMO and APL representatives in between November 3, 2015 and February 29, 2016 concerning the terms of a new collective bargaining agreement between AMO and APL to replace the Master Agreement in place since 1993.

Defendant MMP's formulation of the factual issues:

d.   Whether AMO has an established work relationship with APL and/or APL Marine Services.

e.   Whether AMO has a collective bargaining agreement with APL and/or APL Marine Services covering the crew of the *MV APL Guam*.

2. **Legal Issues**:

Plaintiff AMO's formulation of the legal issues:

a.   Whether or not AMO and APL Maritime agreed to be bound to a collective bargaining agreement upon AMO's members' commencement of work aboard the M/V APL Guam in November 2015.

b.   Whether or not APL, through its subsidiaries APL Maritime and Osprey, agreed to bound to a collective bargaining agreement upon AMO's members' commencement of work aboard the M/V APL Guam in November 2015.

c.   Whether or not CMA-CGM, having purchased APL's parent NOL, has agreed to be bound as a successor to APL under AMO's collective bargaining agreement covering the M/V APL Guam?

d.  Whether APL has an obligation to arbitrate AMO's March 9, 2016 grievance asserting violations of the AMO collective bargaining agreement concerning the M/V APL Guam?

e.  Whether the MMP has an obligation to exhaust the mandatory dispute resolution procedures in Article XX of the AFL-CIO Constitution in order to replace AMO's members in deck officer positions aboard the M/V APL Guam.

f.  Whether AMO is entitled to injunctive relief to compel MMP members to leave the deck officer position aboard the M/V APL Guam until MMP exhausts the mandatory dispute resolution procedures in Article XX of the AFL-CIO Constitution.

Defendants APL and AML's formulation of the legal issues:

g.  Whether any agreements that Plaintiff AMO had with Defendant AML, by or through its subsidiary Osprey Ship Management, concerning the *MV APL Guam*, were properly terminated effective February 29, 2016, thereby ending any obligation to continue to crew the *APL Guam* with AMO represented members in any position aboard the vessel.

h.  Whether the claims for relief raised by Plaintiff AMO in the Corrected First Amended Complaint against APL and AML should be dismissed on the ground that Plaintiff has failed to join MEBA who is a necessary and indispensable party as it also claims an interest in the subject matter of this action, namely the crewing of and recognitional rights over respect to the vessel *MV APL Guam*, and is so situated that disposing of the action in MEBA's absence may (i) as a practical matter impair or impede its ability to protect its interests, and/or (ii) may leave Defendants APL and/or AML subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interests.

i.  Whether Plaintiff's claims in the Corrected First Amended Complaint are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any alleged conduct and/or omissions of Defendants APL and/or AML.

j. Whether Plaintiff's claims in the Corrected First Amended Complaint are barred, in whole or in part, because Plaintiff has an adequate remedy at law as against Defendants APL and/or AML.

k. Whether Plaintiff's claims in the Corrected First Amended Complaint are barred, in whole or in part, because the harm to Defendants APL and/or AML and to the other employees who would be adversely affected by the granting of the relief sought by the Plaintiff outweighs any alleged harm to the Plaintiff.

l. Whether the actions taken with respect to the termination of any agreement Plaintiff had with respect to the *MV APL Guam* was not in violation of any contractual or statutory provisions as (1) any contractual agreement was for an indefinite term and therefore terminable at will, and/or (2) any contractual agreement with Plaintiff was an agreement covering only "supervisors" as defined by the National Labor Relations Act.

m. Whether Plaintiff is estopped by reason of its conduct, acts, or omissions, from recovering against Defendants on any purported claims for relief contained in the Corrected First Amended Complaint.

Defendant MMP's formulation of the legal issues:

MMP largely agrees with Defendants APL and AML's above formulation of the legal issues.  Again, MMP is still in the process of reviewing the case to determine the legal issues involved, but it preliminarily identifies the following:

n. Whether the claims for relief raised by Plaintiff AMO in the Corrected First Amended Complaint against APL and AML should be dismissed on the ground that Plaintiff has failed to join APL Marine Services and the other three West Coast Unions as necessary and indispensable parties as they have an interest in the subject matter of this action, namely the crewing of and recognitional rights over respect to the vessel *MV APL Guam*, and is so situated that disposing of the action in West Coast Union's absence may (i) as a practical matter impair or impede its ability to protect its interests, and/or (ii) may leave APL Marine Services subject to a

substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interests.

o.   Whether the National Labor Relations Board has primary jurisdiction for some or all of Plaintiff's claims.

p.   Whether the AMO may seek a federal court to compel MMP to use Article XX procedures when AMO has not filed an Article XX claim against MMP and has not pleaded facts to establish either that AMO has an established collective bargaining relationship with APL or an established work relationship with APL.

q.   Whether the actions taken to terminate any agreement Plaintiff had with respect to the *MV APL Guam* violated any contractual or statutory provisions when any contractual agreement was for an indefinite term and therefore terminable at will.

## IV.   MOTIONS

The Parties anticipate the following motion prior to or upon completion of discovery:

a.   Plaintiff AMO's Motion for Summary Judgment and Declaratory Relief to Compel Arbitration By Each Defendant.

b.   Defendants APL and AML's Motions for Full or Partial Summary Judgment

c.   Defendant MMP's Motion to Dismiss for Failure to State a Claim upon Which Relief Can be Granted, and for Failure to Join Interested Non-Parties APL Marine Services, MEBA, Sailors' Union of the Pacific, and Pacific Coast Marine, Firemen, Oilers, Watertenders & Wipers Ass'n under Rule 19; and Motions for Full or Partial Summary Judgment.

d.   Plaintiff's Motion for Preliminary Injunctive Relief to compel MMP to remove its members from the M/V APL Guam pending AFL-CIO action.

The Parties propose sixty (60) days after the date the Court sets for completion of discovery as the closing date for filing of any dispositive motions, with hearings on such dispositive motions to be noticed thirty-five (35) days from the date of filing and service.

1

## V.     AMENDMENT OF PLEADINGS

Subject to further amendment of the Corrected First Amended Complaint in response to any defendants' Rule 12 or Rule 19 motion for joinder of interested parties, no amended pleadings are anticipated at this time by Plaintiff AMO.

Defendants APL and AML do not anticipate the filing of any amendment to any of the current pleadings.

Defendant MMP anticipates filing an answer if its motion to dismiss under FRCP 12(b)(6) and (7) is not granted.

## VI.     EVIDENCE PRESERVATION

The Parties have taken steps to preserve physical and documentary evidence related to this dispute.

The Parties have met and conferred as required by Federal Rules of Civil Procedure Rule 26(f) and have reviewed the ESI Guidelines distributed by the Court.  The Parties do not expect that this case will involve significant discovery of Electronically Stored Information ("ESI"), but have committed to reasonable meet-and-confer regarding any issues regarding ESI that may arise in the case.  To the extent any potentially-relevant ESI has been identified, the Parties have taken appropriate steps to inform custodians and secure preservation of such information. The Parties have agreed that the relevant period is from November 1, 2015 to March 30, 2016.

## VII.    DISCLOSURES

The Parties shall make the disclosures required under FRCP 26(a)(1) within fourteen (14) days after the scheduled Case Management Conference, or by June 7, 2016.

## VIII.   DISCOVERY

The Parties expect to depose representatives of the Parties and other witnesses, as well as serve a proportional number of written discovery requests.  The Court has not yet set the discovery, disclosure filing, hearing and trial dates in its Case Management Conference Order. The Parties could not agree on an appropriate time frame for completion of non-expert discovery.

1      Plaintiff AMO proposes all discovery, non-expert and expert, be completed in this

2  matter by November 1, 2016.

3      Defendants APL, AML and MMP believe that non-expert discovery in this case can be

4  completed within eight (8) months after the pleadings have been finalized and any additional

5  parties to be added have answered.

6      The Parties agree they must first meet and confer as to any discovery dispute, and only

7  after having done so shall they seek leave from the court before making any motion

8  concerning compliance with any discovery request, or for sanctions in connection with any

9  discovery dispute.

10      The Parties do not presently anticipate a need for expert discovery, however they agree

11  that expert discovery, if any, shall also be completed by the closing date of non-expert

12  discovery.

13      The Parties have considered and do not believe an e-discovery order is necessary at this

14  time.

15  **IX.    SETTLEMENT AND ADR**

16      The Parties have requested an ADR Phone Conference, which has been scheduled for

17  May 17, 2016.

18      Plaintiff AMO proposes an Early Settlement Conference with a Magistrate Judge as the

19  ADR method in this case.

20      Defendants APL, AML and MMP are agreeable to Early Neutral Evaluation as the ADR

21  method in this case.

22  **X.    CONSENT TO TRIAL BY A MAGISTRATE JUDGE**

23      The Parties do not consent to trial by a U.S. Magistrate Judge.  This case has been

24  assigned to a U.S. District Judge for all purposes.

25  **XI.    RELIEF**

26      Plaintiff seeks injunctive and declaratory relief under the Labor Management Relations

27  Act and the Declaratory Judgment Act, as well as attorneys' fees and costs incurred under the

28  Norris LaGuardia Act.

1    Defendants APL, AML and MMP deny that Plaintiff AMO is entitled to any relief or
2    recovery as asserted in the Corrected First Amended Complaint.

3    **XII.    OTHER REFERENCES**

4    The Parties do not request any special references at this time.

5    **XIII.   NARROWING OF ISSUES**

6    The Parties believe that the issues in this case may be narrowed by factual discovery or
7    motion practice but do not believe the issues can be narrowed by agreement.

8    **XIV.   SCHEDULING**

9    Having met and conferred, the Parties propose the following schedule:

10   • Deadline for disclosure of expert witnesses – 30 days before the end of fact
11      discovery –
12   • Deadline for non-expert and expert discovery cut-off   –   non-expert and
13      expert discovery to end concurrently
14   • Deadline for hearing on dispositive motions   – ninety-five (95) days after the
15      end of discovery
16   • Pretrial conference – twenty-one (21) days after the hearing on dispositive
17      motions
18   • Trial (non-jury, 5 days) – fourteen (14) days after the final pre-trial
19      conference.

20   **XV.    TRIAL**

21   The Parties anticipate that trial of this matter will take approximately five (5) court
22   days.  This will be a bench trial as no party has requested a jury trial in this matter.

23   **XVI.   EXPEDITED TRIAL PROCEDURE**

24   The Parties do not believe this is the type of case to be handled under the Expedited
25   Trial Procedure of General Order No. 64, Attachment A.

26

27

28

**XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

Defendants American President Lines, Ltd. and APL Maritime, Ltd., along with affiliated entities Neptune Orient Lines, Ltd., and APL Marine Services, Ltd. are the interested parties or persons on Defendants side that could be substantially affected by the outcome of the proceeding. Also interested are the seafarer employees employed on the *M/V APL Guam*.

Plaintiff AMO identifies CMA-CGM, the company in the process of acquiring the above listed affiliated entities of Defendants APL and AML as a non-party interested entity.

Defendant MMP identifies the Marine Engineers Beneficial Association, the Sailors' Union of the Pacific and the Pacific Coast Marine Firemen, Oilers, Watertenders & Wipers Association as interested parties that could be impacted by these proceedings.

**XVIII. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: May 17, 2016

/s/ Tyler M. Paetkau
TYLE M. PAETKAU
HARTNETT, SMITH & PAETKAU
Attorneys for Plaintiff
AMERICAN MARITIME OFFICERS

Dated: May 17, 2016

/s/ Philip L. Ross
PHILIP L. ROSS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AMERICAN PRESIDENT LINES, LTD. and
APL MARITIME, LTD.

Dated: May 17, 2016

/s/ Lisa C. Demidovich
LISA C. DEMIDOVICH
BUSH GOTTLIEB
A Law Corporation
Attorneys for Defendant
INTERNATIONAL ORGANIZATION OF
MASTERS, MATES & PILOTS

14

CASE NO. 3:16-CV-00861-EMC
JOINT CASE MANAGEMENT CONFERENCE STATEMENT