UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN MARITIME OFFICERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN PRESIDENT LINES, LTD., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-00861-EMC<br><br>**ORDER GRANTING DEFENDANT MMP'S MOTION TO DISMISS**<br><br>Docket No. 53 |

　　　　Plaintiff American Maritime Officers (AMO) brought the present lawsuit against Defendant American President Lines, Ltd. (APL) and Defendant International Organization of Masters, Mates, and Pilots, affiliated with the International Longshoremen's Associations, AFL-CIO (MMP) for APL's replacement of AMO-represented licensed deck officers (LDOs) with members of other unions, including MMP-represented LDOs.

　　　　Pending before the Court is MMPs' motion to dismiss or, in the alternative, motion for summary judgment on the grounds that "Plaintiff has failed to exhaust union constitutional procedures before filing the instant lawsuit, failed to state a claim upon which relief can be granted, and failed to follow a court order to invoke the Article XX process and join necessary parties." Docket No. 53 at 2.

　　　　Federal labor law requires that plaintiffs demonstrate that they have exhausted a union's dispute resolution procedure before bringing a suit to federal courts. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965) ("As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress."); *Motion Picture & Videotape Editors Guild, Local 776, I.A.T.S.E. v. Int'l Sound*

*Technicians, Cinetechnicians & Television Engineers of Motion Picture & Television Indus. Local 695*, 1985 WL 5777, at *3 (C.D. Cal. Sept. 3, 1985) (applying the exhaustion requirement to an intraunion dispute between two local chapters of the International Alliance of Theatrical Stage Employees). "If a failure to exhaust is found," the Ninth Circuit has state that "the proper disposition is dismissal without prejudice." *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 365, 368-69 (9th Cir. 1988) (per curiam).

AMO does not dispute there is, as a general matter, a requirement to exhaust the dispute resolution procedures under Article XX of the AFL-CIO Constitution before bringing a lawsuit. Nor does AMO dispute that it has not exhausted those procedures. At the direction of the Court, it commenced proceedings under Article XX, only to have then withdrawn unilaterally and without good excuse from the proceeding. The fact that MMP allegedly had failed to exhaust the procedures earlier would not exempt AMO from the current exhaustion requirement; to the extent AMO argues otherwise, it fails to cite any convincing authority in support of its position. At bottom, AMO does not raise any futility argument or other exceptions from the exhaustion requirement.

Thus, the Court therefore orders that Defendant MMP's motion to dismiss be **GRANTED** without prejudice. Additionally, with respect to Defendant APL, the Court orders that the proceedings be **STAYED** pending AMO's exhaustion of the dispute resolution procedures under Article XX. AMO is again ordered forthwith to exhaust its remedies under Article XX. Failure to do so will result in dismissal with prejudice.

MMP's motion for summary judgment is moot, given the dismissal order. This order disposes of Docket No. 53.

**IT IS SO ORDERED**.

Dated: November 16, 2016

_____
EDWARD M. CHEN
United States District Judge

2